IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10573
Summary Calendar
_____

JOHN P. RIFAKES,

Plaintiff-Appellant,

versus

CITIZENS UTILITIES COMPANY, doing
business as Citizens Telecom
Management Services, Inc.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2814-D
_____

November 13, 1997

Before KING, HIGGINBOTHAM, AND DAVIS, Circuit Judges.

PER CURIAM:[*]

John P. Rifakes appeals an adverse summary judgment

dismissing his age discrimination claim, made pursuant to the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*,

against Citizens Utilities Company.  After reviewing the record

and the briefs of the parties, we find no error in the grant of

summary judgment, and we affirm.

We review the district court's grant of summary judgment *de*

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*novo* applying the same standard as the district court. <u>Wattman v. Int'l Paper Co.</u>, 875 F.2d 468, 474 (5th Cir. 1989). To withstand summary judgment in an employment discrimination case, a plaintiff must show that the evidence, taken as a whole, (1) creates a fact issue as to whether each of the employer's stated reasons were what actually motivated the employer, and (2) creates a reasonable inference that age was a determinative factor in the actions of which the plaintiff complains. <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989, 994 (5th Cir. 1996) (*en banc*).

In this case, Citizens presented two nondiscriminatory reasons for Rifakes' discharge. First, Citizens informed Rifakes that he was terminated as part of a company-wide reorganization that resulted in the elimination of his position. Second, Citizens contends that Rifakes was terminated because he and fellow employee Parisotto failed to recognize and rectify the low employee morale in the Human Resources Department in the Dallas office.

We agree with the district court that Rifakes has not presented a genuine issue regarding whether *each* of the two legitimate reasons put forth by Citizens is a pretext for discrimination. In particular, we find that Rifakes has not raised a fact issue whether employees perceived him to be a contributing cause to low office morale.

AFFIRMED.